## T. L. JOHNSTON v. M. L. STEELE.

### Decided January 4, 1908.

**1.—Partnership—Contract—Construction.**

An assignment of error that the court erred in submitting to the jury the construction of a written contract of partnership must be overruled when, if the court had construed the contract, the result would have been the same as that reached by the jury.

**2.—Same.**

Under the terms of a partnership contract between J. and S. for the raising and handling of sheep, S. was to receive one-half of the profits as compensation for his services as managing partner; there were no profits; J. sued S. for one-half of the losses and the value of property alleged to have been converted by S.; the court by its charge submitted to the jury the question whether or not S. was entitled to compensation other than one-half the profits, for his services. Held, reversible error, since, in view of the verdict, the jury may have offset the claim of J. against S. for the property converted by the claim of S. for services as manager.

Error from the District Court of Carson County. Tried below before Hon. B. M. Baker.

*K. R. Craig,* for plaintiff in error.—Where the relationship between the parties is conceded to be a partnership, and provision made for participation in the profits of the business, but nothing said about losses, the partners will be liable for whatever losses the business may suffer in the same proportion as they were entitled to share in the profits. 17 Am. & Eng. Ency. L. (1 ed.), 840; 22 Am. & Eng. Ency. L. (2 ed.), 43; Cothran v. Marmaduke, 60 Texas, 370; Oppenheimer v. Clemmons, 18 Fed. Rep:, 886; Galveston, H. & S.. A. Ry. Co. v. Davis, 4 Texas Civ. App., 468; Berthold v. Goldsmith, 24 Howard, 536-544; Brinkley v. Harkins, 48 Texas, 225.

The court erred in that part of the seventh paragraph of the instructions given to the jury, wherein it was submitted to them whether by the terms of the partnership agreement the partnership was to pay for the services of the defendant Steele in conducting the partnership affairs, and authorized the jury, if they found such to be the agreement, to find for Steele the value of such services, if any; for the reason there was no evidence in the case that any such agreement was ever made, and the issue for that reason should not have been submitted.

*Coffee & Kelly* and *Hoover & Taylor,*· for defendant in error.

STEPHENS, ASSOCIATE JUSTICE.—The parties to this controversy were partners in handling sheep under a verbal contract which was subsequently reduced to writing and was as follows: "This agreement entered into this day between L. T. Johnston and Luther Steele, to the following effect: L. T. Johnston has leased and improved a certain pasture in Stonewall County, Texas, of thirteen (13) sections, one school section taken up by Luther Steele, upon which he has expended ($1000) one thousand dollars; that is, Johnston has expended $1000, more or less. Johnston has control of it.. Luther Steele has it in charge. They both have about 4000 sheep in this deal. Johnston stands good for all the sheep in Haskell and adjoining counties, and we both divide the profits, net; which means when sold and expenses paid, Johnston and Steele divide half and half after Johnston gets cost and in cash on sheep. Johnston is considered the owner and controller of this land and sheep, Steele in charge. When pasture sold, if sold, they divide the profits, over and above what Johnston put in. (Signed) L. T. Johnston, M. L. Steele. Signed in my presence, this 11-11-98. L. W. Dalton."

It seems that no profits resulted from the venture and by this suit plaintiff in error mainly sought to hold defendant in error liable for one-half the losses. We can not agree with him, however, on the interpretation placed on the contract of partnership. As we understand it, Johnston was to furnish the sheep, and out of the proceeds of the sale thereof expenses were to be paid. Steele, on the other hand, was to give his time and attention to the business and share in the profits. It results from this view that the

principal assignments of error must be overruled, complaining, as they do, that the court erred in submitting the construction of the contract to the jury, since if it had been construed by the court it could not have benefited plaintiff in error.

There were, however, involved in the issues between the parties other matters which were submitted to the jury and on which there was a verdict in favor of defendant in error for one dollar. We have not been favored with a brief in behalf of defendant in error and are not able to say from the case as presented in the brief of plaintiff in error that no harm resulted from the following clearly erroneous charge: "And if you find from the evidence that by the terms of the partnership agreement the partnership was to pay for the services of the defendant Steele in conducting the partnership affairs, and that said Steele furnished said services, then you will require said partnership in settlement with said Steele to account for the one-half reasonable value of said services at the time and place they were rendered." There was an issue made by plaintiff in error to the effect that defendant in error had used partnership property which had not been accounted for, and it may be that under this erroneous charge that claim was offset by the value of his services, for which clearly he was entitled to no recovery.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*